Sanford R. Landress, OSB #81438
E-mail: sanford.landress@greenemarkley.com
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR  97201
Telephone:  (503) 295-2668
Facsimile:   (503) 224-8434
    Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 13-31733-tmb11 |
| Bay Logan LLC, an Oregon Limited Liability Company, | Chapter 11 |
| Debtor. | DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY GENERAL BANKRUPTCY COUNSEL (Greene & Markley, P.C.) |

Bay Logan LLC (the "Debtor"), as debtor in possession, hereby moves this Court for entry of an order authorizing it to employ Greene & Markley, P.C. ("G&M") as its general bankruptcy counsel in this case.  In support of this application, the Debtor represents:

### Background

1.  On March 26, 2013 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is continuing in the management and possession of its business and properties as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been requested or appointed in this case, and the United States trustee has not appointed an official committee of creditors.

Page 1 of 4 -   DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY GENERAL
                BANKRUPTCY COUNSEL (Greene & Markley, P.C.)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-31733-tmb11    Doc 6    Filed 03/26/13

2. The Debtor operates a 75 unit hotel located at 3420 Leif Erickson Drive, Astoria OR 97103 under the assumed name "Comfort Suites Columbia River Motel." As of the date hereof, the Debtor has 16 employees, including management personnel.

3. G&M commenced rendering prepetition bankruptcy services to the Debtor on December 12, 2012, and prepetition litigation services on July 12, 2011. The details concerning G&M's engagement as bankruptcy counsel, and the payments made to G&M in connection with that engagement, are disclosed in the accompanying Rule 2014 Statement.

## Jurisdiction

4. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334 and LR 2100-1. Consideration of this application constitutes a core proceeding within the meaning of 28 USC § 157(b)(2)(A). The statutory predicates for the relief sought by this application are sections 327(a) and 1107 of the Bankruptcy Code. Venue is proper under 28 USC § 1408.

## Relief Requested

5. By this application, the Debtor seeks entry of an order, effective as of the Petition Date, authorizing it to employ G&M as its general bankruptcy counsel in this Chapter 11 case on an hourly basis. A proposed form of order is attached as Exhibit A.

## Points and Authorities

6. Subject to further order of this Court, and without being exhaustive, the Debtor proposes to engage G&M for purposes of (i) consulting with it concerning the administration of the case, (ii) advising it with regard to its rights, powers and duties as a debtor in possession, (iii) investigating and, if appropriate, prosecuting on behalf of the estate claims and causes of action belonging to the estate, (iv) advising it concerning alternatives for restructuring its debts and financial affairs pursuant to a plan or, if

Page 2 of 4 - DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY GENERAL BANKRUPTCY COUNSEL (Greene & Markley, P.C.)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-31733-tmb11    Doc 6    Filed 03/26/13

appropriate, liquidating its assets, and (v) preparing the bankruptcy schedules, statements and lists required to be filed by the Debtor under the Bankruptcy Code and applicable procedural rules.

7. The Debtor has selected G&M for the reason that it believes the firm is well qualified to represent it in this case. G&M has substantial expertise in matters relating to bankruptcy and business reorganizations.

8. The proposed rate of compensation, subject to this Court's approval, is the customary hourly rates in effect when services are performed by the attorneys and other firm personnel who provide professional services to the Debtor. The current hourly rates for those persons presently designated to work on this case are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Charles R. Markley | Principal | $425 |
| David A. Foraker | Principal | $450 |
| Sanford R. Landress | Principal | $315 |
| Corri Larsen | Legal Assistant | $160 |

9. To the best knowledge of the Debtor, except as disclosed in the accompanying Rule 2014 Verified Statement for G&M, G&M does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge.

10. To the best knowledge of the Debtor, G&M is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the interests of the estate or of any class of creditors or equity security holders.

WHEREFORE, the Debtor requests entry of an order, effective as of the Petition Date, authorizing it to employ G&M as its general bankruptcy counsel in this Chapter 11

Page 3 of 4 - DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY GENERAL BANKRUPTCY COUNSEL (Greene & Markley, P.C.)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-31733-tmb11    Doc 6    Filed 03/26/13

case on an hourly basis, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as the Court may allow under sections 330 and 331 of the Bankruptcy Code.

Dated: March 26, 2012.

BAY LOGAN LLC

By /s/ Subhash Kharod
Its Manager

\G:\Clients\9817\002\Pleadings\P App Auth Employ G&M.wpd

Page 4 of 4 -   DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY GENERAL
              BANKRUPTCY COUNSEL (Greene & Markley, P.C.)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-31733-tmb11    Doc 6    Filed 03/26/13

Exhibit A - Proposed Order

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 13-31733-tmb11 |
| | ) | |
| Bay Logan LLC, an Oregon Limited Liability Company, | ) | Chapter 11 |
| | ) | |
| | ) | ORDER APPROVING |
| Debtor. | ) | EMPLOYMENT OF GREENE & |
| | ) | MARKLEY, P.C. AS DEBTOR'S |
| | ) | GENERAL BANKRUPTCY |
| | ) | COUNSEL |

A hearing was held on _____ __, 2013, to consider the Application for Authorization to Employ Greene & Markley, P.C. as General Bankruptcy Counsel [Dkt #__] filed by Bay Logan LLC (the "Debtor"), as debtor in possession. Based on the Application and the entire record of this case, it is

ORDERED that:

1. Pursuant to sections 327(a) and 1107 of the Bankruptcy Code, the Debtor's employment of Greene & Markley, P.C. ("G&M") as its general bankruptcy counsel in this Chapter 11 case, on an hourly basis, is approved.

///

**Page 1 of 2 -** ORDER APPROVING EMPLOYMENT OF GREENE & MARKLEY, P.C. AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

1      2.     Compensation and reimbursement of expenses shall be awarded in accordance with sections 330 and 331 of the Bankruptcy Code.

2      3.     This Order shall be effective as of the Petition Date

# # #

Presented by:

<u>    EXHIBIT    </u>
Sanford R. Landress, OSB #81438
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434
E-mail: sanford.landress@greenemarkley.com
Attorneys for Debtor

\G:\Clients\9817\002\Exhibits\O Proposed Order Approving Employ G&M.wpd

**Page 2 of 2 -** ORDER APPROVING EMPLOYMENT OF GREENE & MARKLEY, P.C. AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 13-31733-tmb11    Doc 6    Filed 03/26/13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re           )
             ) Case No. _____
             )
             ) RULE 2014 VERIFIED STATEMENT
Debtor(s)       ) FOR PROPOSED PROFESSIONAL
             (Greene & Markley, P.C.)

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with t he offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s),creditors, any party in interest,their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)   Page 3 of 3

EXHIBIT A

Rule 2014 Verified Statement for Greene & Markley, P.C.

DISCLAIMER.  This exhibit was prepared from information provided by the debtor's management team and staff.  Although all statements herein are believed to be accurate and complete in all material respects, the undersigned is unable to warrant that the information contained herein is without any inaccuracy.  The applicant acknowledges a duty to correct any material errors or omissions contained herein promptly upon their discovery.

13. Greene & Markley, P.C. ("G&M") has undertaken an investigation of connections that G&M may have with the debtor, its creditors, other parties in interest in this case, and their respective attorneys and accountants (where known), the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge.  The investigation included a computerized conflicts search of the names of creditors and other parties provided by the debtor.  Based upon such investigation, to the best of my knowledge, G&M has no connections with the debtor or any of its affiliates, any known creditor, any known party in interest, the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge, other than as disclosed herein.

    To the best of the undersigned's knowledge, G&M does not have any connections or special relationships with any of the debtor's other attorneys or its accountants other than professional relationships.  This Rule 2014 Verified Statement will be supplemented, if warranted, in order to disclose any other connections that require disclosure under Bankruptcy Rule 2014(a) when the identities of other parties become known to G&M.

15. G&M commenced rendering bankruptcy services to the debtor on December 12, 2012.  On February 11, 2013, Amratlal (John) Patel paid to G&M an initial retainer deposit for bankruptcy services to debtor in the amount of $40,000 from his own funds rather than from the debtor's funds.  On February 27, 2013, Mr. Patel paid to G&M an additional retainer deposit for bankruptcy services to the debtor in the amount of $20,000 from his funds rather than from the debtor's funds.  On February 27, 2013, G&M applied $12,055.39 from these retainers to its bills for prepetition bankruptcy services.  On March 25, 2013, G&M applied another $16,953.17 from these retainers to its bills for prepetition bankruptcy services.  The unapplied balance of the retainer is held in G&M's IOLTA trust account.

Beginning on July 19, 2011, G&M has acted as debtor's counsel in *Malbco Holdings, LLC v. Bay Logan LLC*, *et al.*, Clatsop County Circuit Court case number 11-2319 (the "Foreclosure Case"). In the Foreclosure Case, G&M also represented Amratlal N. Patel and May L. Fiore, both of whom are members of the debtor and guarantors of the debtor's indebtedness to Malbco Holdings, LLC and/or the SBA. G&M received payments for its services in the ordinary course of the debtor's business. Shortly before the Petition Date, G&M waived all claims against the debtor for the unpaid balance of its bills for legal services in the Foreclosure Case. G&M has, however, been given a promissory note from Mr. Patel in the sum of $85,000 as payment for services rendered by G&M to the debtor and the guarantors in the Foreclosure Case.

Mr. Patel has personally guaranteed the payment of G&M's fees and expenses for services performed and to be performed to the debtor in or in connection with this case.

16. The debtor has the following affiliates:

| Name of Affiliate | Relationship Between Debtor and Affiliate |
|---|---|
| Subhash (Sammy) Kharod | Owns 3% of the Debtor's LLC ownership interests |
| Amratlal (John) Patel | Owns 41% of the Debtor's LLC ownership interests |
| Chand Bawa | Owns 18% of the Debtor's LLC ownership interests |
| May Fiore | Owns 35% of the Debtor's LLC ownership interests |
| Hartman Financial | Owns 3% of the Debtor's LLC ownership interests |

18. G&M represented Mr. Patel and May Fiore in the Foreclosure Case in their capacities as guarantors of the debtor's debts to Malbco and/or the SBA.

21. (a)  Patel and Fiore guaranteed the debtor's debt to Malbco.

    (b)  Patel guaranteed the debtor's debt to the SBA.

    (c)  The debtor has not guaranteed any debt of an affiliate.

22. (a) Insider receivables and payables are set forth in the attached Exhibit B.

    (b) The debtor, Kharod, Patel, Bawa, Fiore, and Hartman Financial may have contingent claims among themselves for reimbursement or contribution.

    (c) Patel may have contingent claims against the debtor for reimbursement based on the personal guarantees described in paragraphs 21(a) & (b) above.

    (d) Fiore may have contingent claims against the debtor for reimbursement based on the personal guarantee described in paragraph 21(a) above.

23. The trust deeds securing the Malbco and the SBA loans also purport to secure the guarantees of Patel and Fiore.

24. Each of Kharod and Patel is potentially a "responsible party" under 26 USC §6672 for unpaid taxes of the debtor.

Exhibit B

(Insider Receivables and Payables)

I. <u>Insider Receivables</u>:

| <u>Name</u> | Total <u>Amount</u> |
|---|---|
| None. | |

II. <u>Insider Payables</u>:

| <u>Name</u> | Total <u>Amount</u> |
|---|---|
| Amratlal N. Patel | $327,359.80 |

\9817\002\O Exhibit B to Rule 2014 Statements.wpd